```
               UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF LOUISIANA
```

| | |
|---|---|
| CHERIE GARMAN | CIVIL ACTION |
| VERSUS | NO: 11-2341 |
| HELIX ENERGY SOLUTIONS GROUP, ET AL. | SECTION: R(3) |

**ORDER AND REASONS**

Before the Court is defendant Equal Employment Opportunity Commission's unopposed motion to dismiss the claims against it.[1] Because plaintiff does not state a plausible claim against the EEOC, the Court GRANTS defendant's motion.

**I.   BACKGROUND**

Plaintiff Cherie Garman worked for Helix Energy Solutions Group, Inc. ("Helix") as an oilfield diver. Garman alleges that during her employment, her direct superiors, all of whom are employees or agents of Helix, sexually harassed her and discriminated against her because of her gender and race. On March 1, 2011, Garman filed a complaint with the Equal Employment Opportunity Commission ("EEOC"). After she filed this complaint, Garman and her employer engaged in EEOC-sponsored mediation. Garman alleges that the EEOC mediator "refused to consider" all

---

[1]   R. Doc. 20.

of the charges contained in her complaint.[2] Plaintiff asserts that this refusal was "either simple negligence or gross incompetence."[3] The mediation led to a settlement agreement between plaintiff and Helix.

On September 19, 2011, Garman filed suit in this Court alleging violations of Title VII, the Equal Pay Act of 1963 and the Civil Rights Act of 1991.[4] Plaintiff contends that because more than 180 days have passed since she filed charges with the EEOC, the EEOC must issue her a notice of right to sue.

The EEOC now moves to dismiss the claims against it.[5] The Court took the motion under submission on February 1, 2012. Plaintiff has not filed an opposition.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(1) permits dismissal for lack of jurisdiction over the subject matter of the claim. When a Rule 12(b)(1) motion is filed in conjunction with other Rule 12 motions, subject matter jurisdiction must be decided first because "the court must find jurisdiction before

---

[2]    R. Doc. 1 at 5.

[3]    *Id.*

[4]    *Id.* at 2.

[5]    R. Doc. 20.

determining the validity of a claim." *Moron v. Kingdom of Saudi Arabia*, 27 F.3d 169, 172 (5th Cir. 1994).

In ruling on a Rule 12(b)(1) motion to dismiss, the court may rely on (1) the complaint alone, presuming the allegations to be true, (2) the complaint supplemented by undisputed facts, or (3) the complaint supplemented by undisputed facts and by the court's resolution of disputed facts. *Den Norske Stats Oljeselskap As v. HeereMac Vof*, 241 F.3d 420, 424 (5th Cir. 2001); *see also Barrera-Montenegro v. United States*, 74 F.3d 657, 659 (5th Cir. 1996). The party asserting jurisdiction bears the burden of establishing that the district court possesses jurisdiction. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001). A court's dismissal of a case for lack of subject matter jurisdiction is not a decision on the merits, and the dismissal does not ordinarily prevent the plaintiff from pursuing the claim in another forum. *See Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977).

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1960 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the

plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1949. A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 129 S.Ct. at 1949.

A legally sufficient complaint must establish more than a "sheer possibility" that plaintiff's claim is true. *Id.* It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257. If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at 555; *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 n.9 (5th Cir. 2007).

**III. DISCUSSION**

Title VII does not confer a right of action against the EEOC as an enforcement agency. *See Newsome v. EEOC*, 37 Fed.Appx. 87, 2002 WL 971379, at *4 (5th Cir. 2002) (dismissing plaintiff's claims against the EEOC alleging that the agency failed to perform its duties) (citing *Gibson v. Missouri Pac. Ry.*, 579 F.2d 890, 891 (5th Cir. 1978) ("Title VII...confers no right of action against the enforcement agency.")). Accordingly, Title VII does not provide this Court with jurisdiction over plaintiff's claims that the agency mishandled her discrimination allegations. Moreover, even if the Court did have jurisdiction under Title VII, plaintiff does not state a plausible claim for relief against the EEOC under that statute. Title VII imposes liability upon employers for acts of discrimination in the workplace. *See Grant v. Lone Star Co.*, 21 F.3d 649, 651 (5th Cir. 1994) ("Under title VII, an 'employer' may not discriminate on the basis of race, color, religion, sex, or national origin."); *see also Sherrod v. Prairie View A & M University*, 2011 WL 843936, at *4 (S.D. Tex. Mar. 8, 2011) (noting that liability under Title VII attaches only to a plaintiff's "employer."). Here, plaintiff does not allege that the EEOC was her employer. She therefore cannot state a claim against the EEOC under Title VII. *See Luna v. Roche*, 89 Fed. Appx. 878 at 881 (dismissing plaintiff's employment discrimination claims, including a claim under Title

VII, because such claims "require the existence of an employer-employee relationship"); *Hamlett v. Ashcroft*, 2004 WL 813184, at *4 (N.D. Tex. Apr. 14, 2004) ("Plaintiff was not an employee of the EEOC at any time relevant to this suit.  Thus, Plaintiff cannot state a claim of discrimination against the EEOC under Title VII.").

   Nor does plaintiff state a claim against the EEOC under the Equal Pay Act.  The Equal Pay Act requires that an employer not discriminate "between employees on the basis of sex ... for equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions...."  29 U.S.C. § 206(d)(1).  The statute essentially "demands that equal wages reward equal work." *Siler-Khodr v. University of Texas Health Science Center San Antonio*, 261 F.3d 542, 546 (5th Cir. 2001).  Claims under the Equal Pay Act "require the existence of an employer-employee relationship." *Luna*, 89 Fed. Appx. at 881 (dismissing plaintiff's discrimination claims, including a claim under the Equal Pay Act, because he was neither an employee of the defendant nor an applicant for employment at the time of the alleged discrimination); *see also Aucoin v. Kennedy*, 355 F.Supp. 2d 830, 841 (E.D. La. 2004) ("EPA liability is limited to 'employers'"); *Causes of Action for Violation of Equal Pay Act*, 12 COA 191, § 27 ("The proper defendant in an action for violation of the Equal Pay Act is the

6

plaintiff's employer."). Because plaintiff does not assert that the EEOC was her employer, she does not state a claim against the agency under this statute. *See, e.g., Hamlett*, 2004 WL 813184, at *4 (dismissing plaintiff's Equal Pay Act claim when plaintiff "fail[ed] to provide any allegations that the EEOC was her employer and violated the Equal Pay Act.").

## IV.  CONCLUSION

Because Garman fails to state a plausible claim for relief against the EEOC under either Title VII or the Equal Pay Act, the Court GRANTS defendant EEOC's motion and DISMISSES plaintiff's claims against the EEOC.

New Orleans, Louisiana, this 13th day of February, 2012.

_____

SARAH S. VANCE

UNITED STATES DISTRICT JUDGE